(120 App. Div. 671)

HOLLENBECK v. GREENE.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

REPLEVIN—MONEY JUDGMENT—EVIDENCE.

> A money judgment in an action for recovery of bob-sleds and for their detention is unauthorized; there being no allegation or proof of the value of the sleds or of any damage suffered by plaintiff.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, § 416.]

Appeal from Cortland County Court.

Action by Fred W. Hollenbeck against Albert C. Greene. From a judgment of the County Court reversing a judgment of a justice of the peace for plaintiff, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Arthur Fowlston, for appellant.
William J. Mantanye, for respondent.

CHESTER, J. The judgment was properly reversed by the County Court. The complaint was in writing, and alleged, in substance, that the plaintiff left a pair of bob-sleds at the residence of his son, which was on a farm owned by the defendant; that the defendant took possession of said bob-sleds, claiming that they belonged to the plaintiff's son, and has since refused to surrender them to the plaintiff, although he has demanded the same. The relief demanded was that the defendant surrender the bob-sleds, together with the damages for withholding the same, or their value in money. On the trial in the Justice Court the plaintiff had a judgment for $11 damages, besides costs.

The defendant claimed that he purchased the bobs at an execution sale under a judgment against the plaintiff's son; that the plaintiff was

present at the sale, made no objection to its taking place, and made no claim to the property. It is not necessary to determine whether this conduct on his part amounted to a waiver of his claim of title to the property, as the judgment for the plaintiff could not stand, for the sufficient reason that it had no proof to sustain it. There was no allegation and no proof whatever of the value of the sleds, nor of any damage suffered by the plaintiff because of the detention thereof. There was absolutely no foundation in the evidence upon which a money judgment could have been awarded, and there was no alternative left for the County Court except to reverse it.

The judgment should be affirmed, with costs. All concur.